## LANE TIMBER CO. v. HYNSON.

(District Court, E. D. Louisiana, New Orleans Division. April 19, 1924.)

### No. 17017.

1. **Internal revenue ⬦⇒9—Corporation held one "doing business," and assessment of tax by collector of internal revenue against it was authorized.**

   A corporation organized for the purpose of buying and selling timber lands, which held a large quantity of such lands being offered on the market through agents, but which did no other business, and had bought no timber land, and had made no sales for some time, *held* a corporation "doing business," and assessment of tax against it by collector of internal revenue was authorized.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. **Internal revenue ⬦⇒9—Rule as to when corporation ceased doing business, for purpose of assessment of tax.**

   A corporation has not ceased doing business, so as to be exempt from tax on corporations doing business, when corporate activities have not been transferred to some other company or individual, and the corporate existence is preserved for the purpose for which it was organized.

At Law. Action by the Lane Timber Company against J. H. Hynson, Jr. On the merits. Judgment for defendant.

Monroe & Lemann and Nicholas Callan, all of New Orleans, La., for plaintiff.

Louis H. Burns, U. S. Atty., of New Orleans, La., and J. H. Hynson, for defendant.

FOSTER, District Judge. In this case it appears that a tax on the capital stock of the plaintiff, amounting to $112, was assessed by the collector of internal revenue. The corporation paid under protest, and in due course sued to recover, on the ground that the corpora-

tion was not doing business in the year ending June 30, 1920. A penalty of $5.60 was also exacted and paid. The matter was submitted on an agreed stipulation.

[1, 2] It appears that the corporation was organized for the purpose of buying and selling timber lands. They still hold a large quantity of such lands, which they are offering on the market through agents, but it does no other business, and has bought no timber land for quite a while, nor has it made sales. I think, however, the corporation is doing business, within the meaning of the law. It was organized for the purpose of buying and selling timber lands, and has not divested itself of that function. While the lands they hold are being offered by agents, the final consummation of the transactions will be in the corporation. In my opinion a corporation, within the meaning of the law, cannot be said to have ceased doing business when its corporate activities have not been transferred to some other company or individual, and the corporate existence is preserved for the purpose for which it was organized. Authorities as to what may constitute doing business within a state for the purpose of license taxation are not in point.

There will be judgment for the defendant.